Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3231 | **DATE** | 10/30/2001 |
| **CASE TITLE** | USA ex.rel. Diane Lee Maletta vs. Lynn Cahil Masching | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: We find that Maletta has procedurally defaulted on her claims that (1) she was not given full Miranda warnings and (2) she received ineffective assistance of counsel. In addition, we reject her contentions that her perceived sentencing disparity and the trial court's use of plea negotiations during sentencing warrant habeas review. Accordingly, we deny Maletta's petition for habeas corpus. The status hearing set for 11/9/01 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | OCT 31 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 23 |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | 10/30/2001 | |
| | | | 01 OCT 31 AM 8:46 | date mailed notice | |
| GL | courtroom deputy's initials | | | GL | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. DIANE LEE MALETTA, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 97 C 3231 ) ) |
| LYNN CAHILL-MASCHING, | ) ) |
| Respondent. | ) ) ) |

**DOCKETED**
**OCT 3 1 2001**

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Diane Lee Maletta petitions us for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging (1) that she was denied her rights when her conviction was based upon a confession admitted into evidence despite the absence of proper *Miranda* warnings, (2) ineffective assistance of counsel, and (3) cruel and unusual punishment. Respondent Gwendolyn Thornton[1], Warden of Dwight Correctional Center, through James Ryan, Attorney General of the State of Illinois, filed an answer claiming that Petitioner's writ lacks merit. For the reasons below, we deny Maletta's habeas corpus petition.

## PROCEDURAL BACKGROUND

On July 17, 1984, Petitioner Diane Maletta was convicted in the Circuit Court of Cook County of the solicitation to commit the murder of, and the murder of, her husband, and was sentenced to 75 years imprisonment for the murder conviction. She is currently serving her

---

[1]Both parties agree that Gwendolyn Thornton is no longer Petitioner's custodian. Instead, Lynn Cahill-Masching is the new warden of the Dwight Correctional Center where Petitioner is held. As such, it is hereby ordered that the original respondent in this case shall be substituted with Lynn Cahill-Masching.

1



sentence in the Dwight Correctional Center. On direct appeal[2] to the Illinois Appellate Court, Second District, Maletta alleged that her confession should have been inadmissable, she received ineffective legal counsel, and her sentence should be reduced. In an unpublished decision entered on June 30, 1988, the Appellate Court affirmed the conviction on all issues except with regard to her confession. The case was then remanded to the Circuit Court for a determination of whether complete *Miranda* warnings were given at any time prior to Petitioner's taped confession. *See* Resp. Ex. B, *People v. Maletta*, No. 2-86-0912. On remand, the Circuit Court found that complete *Miranda* warnings had indeed be given prior to Maletta's taped confession and the Appellate Court affirmed this finding on September 27, 1988 in an unpublished order. *See* Resp. Ex. D, *People v. Maletta*, No. 2-86-0912.

Maletta then filed a petition for leave to appeal to the Illinois Supreme Court in which she raised three claims: (1) that the Appellate Court's finding of harmless error in the use of evidence of plea negotiations for the purposes of sentencing was erroneous; (2) that the Appellate Court erred, during sentencing, in finding that her crime was "brutal and heinous" for purposes of the Illinois' extended term sentencing statute and in finding that her sentence was not unjustifiably disparate to that received by her co-defendant; and (3) that the Appellate Court erred in finding that she was given proper *Miranda* warnings prior to her taped confession. *See* Resp. Ex. E, *People v. Maletta*, No. 67878. On February 23, 1989, the Illinois Supreme Court denied leave to appeal. *See* Resp. Ex. F, *People v. Maletta*, No. 67878.

Maletta filed a petition for post-conviction relief on April 23, 1997, an amended petition on July 29, 1997 and, finally, a second amended petition on October 31, 1997. On July 14, 1998, the Circuit Court dismissed the second amended post-conviction petition and on December 28, 1999, the Illinois Appellate Court, Second Division, affirmed the dismissal. *See* Resp. Ex. M,

---

[2]We omit claims asserted on direct and/or post-conviction appeal that are not included in Maletta's habeas petition.

*People v. Maletta*, No. 2-98-0925. Maletta thereafter filed a petition for leave to appeal to the Illinois Supreme Court. The petition was denied on April 5, 2000. *See* Resp. Ex. O, *People v. Maletta*, No. 88906.

The present federal action was instituted on April 27, 1997 when Maletta filed her petition for writ of habeas corpus with this court. On May 30, 1997, the petition was dismissed without prejudice pending the completion of the then-pending state post-conviction proceedings and the dismissal thereafter ripened into a final order. On May 18, 2000 we granted Maletta's motion for reinstatement.

## ANALYSIS

Section 2254, as amended[3], empowers a district court to entertain a petition for a writ of habeas corpus from a person in custody pursuant to the judgment of a state court on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas relief may be granted only if the adjudication of the claim by the state court "resulted in a decision that was contrary to, or involved the unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). The "contrary to" standard, as clarified by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), applies if the "state court arrives at a conclusion opposite to that reached by this Court on a question of law" or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405. The "unreasonable application" standard has been clarified to include when the state court "identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 1520.

---

[3]The Antiterrorism and Effective Death Penalty Act ("AEDPA") and its amendments to the habeas statute applies to Maletta's case because she filed her habeas corpus petition after the effective date of the AEDPA, April 25, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

3

Before we can consider a state prisoner's habeas claims, however, the petitioner must demonstrate that she has exhausted all available state remedies and that she has not procedurally defaulted her claims in state court. See *Moleterno v. Nelson*, 114 F.3d 629, 633-34 (7th Cir. 1997). In its answer, the respondent does not contest that Maletta meets the exhaustion requirement but claims that Maletta has procedurally defaulted on two of her claims.

To avoid procedural default, a state prisoner must fully and fairly present her claims in state court. See *Wilkinson v. Cowan*, 231 F.3d 347, 350 (7th Cir. 2000). Procedural default occurs when a petitioner failed to raise her claim with a state court or if the state court declined to address the merits of her claim due to her non-compliance with a state law requirement. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Generally, when a state prisoner has defaulted her federal constitutional claims in state court on a state law ground that is independent and adequate to support the judgment, comity dictates that federal courts are bound by that holding. See *White v. Peters*, 990 F.2d 338, 340 (7th Cir. 1993). However, "if the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." *Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Jefferson v. Welborn*, 222 F.3d 286, 288 (7th Cir. 2000). When determining whether a state court addressed the merits of a petitioner's claim, federal courts must presume that there is no independent and adequate state law ground absent a clear indication to the contrary. *Coleman*, 501 U.S. at 735.

Federal courts may review habeas claims that have been procedurally defaulted if the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* at 750. To show that a miscarriage of justice will occur if a procedural default is not excused requires proof that "a constitutional violation has probably

resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649 (1986).

In her habeas petition, Maletta identifies five grounds on which she should be accorded relief. Each ground will be examined in turn.

### *Miranda* Warnings

Maletta's first claim is that she was not given full *Miranda* warnings, in particular, the warning of her right to remain silent, before she gave her taped confession. Maletta is correct in pointing out that her trial court was reversed when the Appellate Court ruled that she was in custody at the time of her confession and was thus entitled to full *Miranda* warnings. What Maletta neglects to mention is the fact that, on remand given the reversal on the custody issue, the trial court held that Maletta was given full *Miranda* warnings prior to her confession. Whether *Miranda* warnings were given and whether Petitioner waived her rights are issues of fact, but whether the waiver was voluntarily, knowingly, and intelligently given is generally an issue of federal constitutional law. *Brewer v. Williams*, 430 U.S. 387 (1977); *Henderson v. DeTella*, 97 F.3d 942, 946 (7th Cir.1996), *cert. denied*, 520 U.S. 1187 (1997). As such, Maletta is asking that we review a state court finding of fact that she was given full *Miranda* warnings.

In the habeas context, "[w]hether a petitioner actually waived his *Miranda* rights, and whether he did so freely, knowingly, and intelligently, are fact-dependent issues." *Henderson*, 97 F.3d at 946. State court findings of fact are presumed correct and the habeas petitioner bears the burden of proving the facts incorrect by clear and convincing evidence. 28 U.S.C. §2254(e)(1); *Henderson*, 97 F.3d at 946. Maletta has not met this burden. Aside from the conclusory assertion that the trial court's factual finding was incorrect, Maletta provides no evidence whatsoever to substantiate her claim. As pointed out by the Appellate Court, two witnesses testified that Maletta received full *Miranda* warnings prior to her confession. *See* Resp. Ex. D, *People v.*

*Maletta*, No. 2-86-0912. Maletta has cited no evidence in the record that would contradict the trial court's finding, let alone any clear and convincing evidence.

Maletta also claims that her confession was not voluntarily, knowingly, and intelligently given due to the fact that she was taking a psychtropic drug called Elavill at the time of her confession.[4] As the Illinois Appellate Court correctly noted in its opinion on her post-conviction petition, however, Maletta's failure to raise this issue on direct appeal constitutes waiver. *See* Resp. Ex. M, *People v. Maletta*, No. 2-98-0925. Because the Elavil argument was waived at the state level, and such waiver expressly rests on a state law procedural bar, see *Harris v. Reed*, 489 U.S. 255, 263 (1989), we find that Maletta has procedurally defaulted her Elavil claim.[5]

Even in the absence of procedural default, the voluntariness of Maletta's confession, although it is a question of law, is necessarily dependent upon the state court's findings of fact. *Henderson*, 97 F.3d at 946 (voluntariness of a confession, despite defendant's mental deficiencies, was based upon a factual premise). As such, the question of voluntariness in the instant case turns on the state court's finding as to the effect Elavil had on Maletta's state of mind. Maletta's petition and response do no more than state, in a conclusory fashion, that Elavil affected her mental state to such a degree as to prevent her full understanding of the *Miranda* warnings given to her prior to her confession. However, as the Illinois Appellate Court made clear, the record is replete with evidence that her mental state was normal. Contemporaneous witnesses testified that Maletta seemed attentive and coherent. Other witnesses testified that she did not behave

---

[4]Maletta's Elavil claim is ground five in her original habeas petition. However, in her response brief she properly mentions it as a part of her *Miranda* claim (ground one). As such, we treat ground five as part of Maletta's ground one claim — that is, her claim that Elavil impeded her comprehension of the *Miranda* warnings is really just a part of her claim that her *Miranda* waiver was not voluntary.

[5]Procedural default can be avoided by demonstrating (1) cause for failure to present a claim and prejudice if the claim is not heard or (2) that a fundamental miscarriage of justice will arise if the claim is not addressed. *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Maletta makes no attempt to shoehorn her case into either of these exceptions.

6

unusually. Maletta herself testified that use of the drug had a merely calming effect upon her. Indeed, "there is extensive evidence of record that the use of Elavil had absolutely no effect on [Maletta] both at the time she was given her *Miranda* warnings and at the time she made certain inculpatory statements." *See* Resp. Ex. M, *People v. Maletta*, No. 9-98-0925. We accept these factual conclusions in the absence of clear and convincing evidence to the contrary. In other words, "wrested of its factual premise" -- that Maletta's use of Elavil impeded her comprehension of her waiver rights – "the legal claim of involuntariness necessarily fails." *Henderson*, 97 F.3d at 948.

### Ineffective Assistance of Counsel

Maletta's second and third claims are that she was denied her Sixth Amendment right to the effective assistance of counsel. Her second claim focuses on the conduct of her court appointed attorney in not making any opening or closing statements and conducting irrelevant and meaningless cross examination. Her third claim asserts ineffective assistance of counsel where her trial counsel displayed no knowledge of a State's Attorney's letter indicating the State's intent to seek the death penalty if Petitioner rejected the State's plea offer. Respondent contends that Maletta has procedurally defaulted on both of these claims. We agree.

As stated above, a state prisoner must fully and fairly present her claims in state court in order to avoid procedural default. *See Wilkinson*, 231 F.3d at 350. The Supreme Court has held that in order to satisfy the procedural default requirement, a state prisoner must present all claims to a state supreme court in a petition for discretionary review. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Maletta did not raise her ineffective assistance of counsel claims in either her direct appeal nor her appeal of her post-conviction petition. As such her claims are procedurally defaulted.[6]

---

[6] We also note that she has made no attempt to demonstrate that her procedural default on these issues is excused by either of the *Detella* factors mentioned above. 71 F.3d at 695.

7

**Sentencing Disparity**

Maletta's final claim is that her sentence is improperly disparate to that of her co-defendant, that the state improperly introduced evidence pertaining to plea negotiations at her sentencing hearing, and that she was punished for exercising her right to trial.

Maletta was convicted of hiring her co-defendant to kill her husband. After Maletta's taped confession, her co-defendant was apprehended, convicted of murder, and sentenced to a 20 year term after agreeing to testify against Maletta. Maletta's habeas petition makes clear the injustice she perceives at the spectacle of her husband's murderer getting sentenced to 20 years in prison while she, the 'mere' instigator of the murder, has been sentenced to 75 years. Assuming *arguendo* that this sentencing disparity is not fully justified, habeas corpus is not an appropriate remedy. Simply put, "a federal court will not normally review a state sentencing determination which . . . falls within the statutory limit." *Gleason v. Welborn*, 42 F.3d 1107, 1112 (7th Cir. 1994). Maletta does not claim that her sentence falls outside the statutory limit. Rather, she claims that her sentence is too long in relation to that of her co-defendant. The Eighth Amendment, however, does not preclude a disparity between sentences imposed on different individuals convicted of committing the same crime. *United States v. Contreras*, 937 F.2d 1191, 1195-96 (7th Cir.1991) ("Defendants' sentences [should] bear rational relations to *their* offenses. That is all that the Constitution requires"). Thus, Maletta's argument for a sentence reduction on this basis must fail.

Finally, Maletta objects to the trial court's alleged improper use of evidence of plea negotiations in determining to upgrade her sentence. The Illinois Appellate Court, in its decision on Maletta's direct appeal, found that the use, if any, of evidence of plea negotiations for Maletta's sentencing was harmless error. *See* Resp. Ex. B, *People v. Maletta*, No. 2-86-0912, p. 9.[7]

---

[7]In fact, the Illinois Appellate Court noted that the trial court's apparent consideration of the plea negotiation during sentencing actually served to *mitigate* Maletta's sentence.

8

Unfortunately for Maletta, habeas relief is simply not available for such perceived errors of state law. *Estelle v. McGuire,* 502 U.S. 62, 67 (1991); *Milone v. Camp,* 22 F.3d 693, 702 (7th Cir.1994) (admissibility of evidence is generally a state law issue), *cert. denied,* 513 U.S. 1076 (1995). Accordingly, Maletta's claim of sentencing disparity and improper use of plea negotiations is rejected.

## CONCLUSION

As explained above, we find that Maletta has procedurally defaulted on her claims that (1) she was not given full *Miranda* warnings and (2) she received ineffective assistance of counsel. In addition, we reject her contentions that her perceived sentencing disparity and the trial court's use of plea negotiations during sentencing warrant habeas review. Accordingly, we deny Maletta's petition for habeas corpus. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/30/01