# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 3231 | **DATE** | 11/16/2001 |
| **CASE TITLE** | USA ex.rel. Diane Lee Maletta vs. Lynn Cahill Masching | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Ms. Maletta's attempt to bring an Apprendi claim at this late stage must fail for she has not established the necessary cause and prejudice for failing to bring the claim earlier. Her motion for reconsideration (25-1) is denied. Any other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 20 2001 | |
| | Notified counsel by telephone. | | date docketed | 27 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | '01 NOV 20 AM 8:25 | 11/19/2001 | |
| | | | date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. DIANE LEE MALETTA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | Case No. 97 C 3231 |
| v. ) | |
| ) | |
| ) | |
| LYNN CAHILL-MASCHING, ) | |
| ) | |
| Respondent. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Petitioner Diane Maletta has submitted a pleading that amounts to a motion for reconsideration of our earlier opinion denying her petition for writ of habeas corpus. Ms. Maletta asks that we reconsider part of our ruling in consideration of the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000). For the reasons below, we deny her motion for reconsideration.

In Apprendi, the Supreme Court ruled that, as a matter of due process, any factor which increases a sentence beyond the statutory maximum is an element of the offense rather than a mere sentencing factor, the existence of which must be found by a jury. It is difficult to ascertain from Ms. Maletta's November 13, 2001 pleading the precise ground of her *Apprendi* claim. Nonetheless, it seems clear that she claims that at least part of her 75 year sentence was due to factors that should have been proven as an element of the offense under the *Apprendi* standard. As a result, she seeks a reduction in her sentence pursuant to the new due process standard.

There is substantial doubt as to whether the holding in Apprendi is retroactive on collateral review. *See Ashley v. U.S.*, 266 F.3d 671, 674 (7th Cir., Sept. 12, 2001) (noting that no Courts of Appeals have held that Apprendi is retroactive and that the Fourth, Eighth, and Ninth Circuits have held that it is not retroactive); Talbott *v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000) (urging prisoners not to bring collateral attacks based on Apprendi until the Supreme Court has decided it applies

retroactively). Although the Seventh Circuit has given permission for district courts to determine for themselves whether Apprendi is retroactive on collateral review, *Ashley*, 266 F.3d at 674, we decline to do so here.

The retroactivity issue does not matter unless the Apprendi (or Apprendi-type argument) has been properly raised at trial or on direct appeal, or unless Ms. Maletta can show cause and prejudice for failing to do so. *Id.* at 675; U.S. v. *Smith*, 241 F.3d 546, 549 (7th Cir., Feb. 8, 2001), *cert. denied*, 122 S.Ct. 267 (2001). There is no question that Ms. Maletta has failed to bring an *Apprendi*-type argument at the appropriate time. The first time she brought the argument was as part of her reply brief filed with this court on November 13, 2001. It therefore remains for us to determine whether Ms. Maletta can show cause and prejudice for failing to bring the argument sooner.

"Cause" means that some outside impediment prevented Ms. Maletta from making an argument at trial or on direct appeal. See Garrott v. U.S., 238 F.3d 903, 905 (7th Cir., Jan. 30, 2001), cert. *denied*, 121 S.Ct. 2230 (2001). The fact that Apprendi was decided just last year is not adequate cause for not bringing the argument earlier. Indeed, "the lack of precedent for a position differs from 'cause' for failing to make the legal argument." *Smith*, 241 F.3d at 548 (pointing out that "even when the law is against a contention, a litigant must make the argument to preserve it for later consideration"). The lack of any reasonable legal basis for a claim could constitute "cause," *see Reed v. Ross*, 468 U.S. 1, 16 (1984), but the foundation for Apprendi was laid as far back as 1970. Smith, 241 F.3d at 548. Here, Ms. Maletta could have made an *Apprendi*-type argument, and she does not contend that some outside force impeded her legal defense. Nor can she assert ineffective assistance of counsel for counsel's failure to bring the argument. See United States v. McNeal, 01 C 3651, 2001 WL 1338988 (N.D. Ill., Oct. 30, 2001); Valenzuela v. *U.S.*, 261 F.3d 694, 700 (7th Cir. 2001) ("Sixth Amendment does not require counsel to forecast changes or advances in the law"). Thus, Ms. Maletta has not shown cause.

Nor has Ms. Maletta made any attempt to demonstrate "prejudice." To show as much, she would have to establish that no reasonable jury could have found the facts necessary to enhance her

sentence. *Garrott*, 238 F.3d at 903. She has made no such argument, and we have no reason to believe that a viable such argument exists.

Thus, Ms. Maletta's attempt to bring an *Apprendi* claim at this late stage must fail for she has not established the necessary cause and prejudice for failing to bring the claim earlier. Her motion for reconsideration is denied.

It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 11/16/01