# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C 3231 | DATE | ½/2002 |
| CASE TITLE | USA ex.rel. Diane Lee Maletta vs. Lynn Cahill-Masching | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Because Ms. Maletta has made no substantial showing of a denial of a constitutional right as required under 28 USC 2253(c)(2), we deny her request for a certificate of appealability (29-1). Ms. Maletta may now request a certificate of appealability from the Court of appeals pursuant to F.R.A.P. 22(b). For the reasons stated, we deny her motion for appointment of counsel (31-1 & 34-1) and decline to rule on her request to proceed in forma pauperis (30-1 & 33-1).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| ✓ | Notices mailed by judge's staff. | | JAN 4 2002 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | 1/2/2002 date mailed notice GL mailing deputy initials |

Document Number 36

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel. DIANE LEE MALETTA, )
)
              Petitioner, )
)
)   Case No. 97 C 3231
v. )
)
)
LYNN CAHILL-MASCHING, )
)
             Respondent. )
)

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

On July 17, 1984, Petitioner Diane Maletta was convicted in the Circuit Court of Cook County of the solicitation to commit the murder of, and the murder of, her husband, and was sentenced to 75 years imprisonment for the murder conviction. Her unsuccessful appeals and post-conviction petitions have culminated thus far in her petition for writ of habeas corpus. By orders on October 30 and November 16, 2001, we dismissed Ms. Maletta's petition. She has now moved that we grant her a certificate of appealability ("COA"). We deny her motion.

A COA is required to take an appeal to the Court of Appeals from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). The Supreme Court, in Slack *v. McDaniel*, 529 U.S. 473, 483-84 (2000), elucidated two methods by which a district court is to evaluate a request for a COA. First, when the district court rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Alternatively, "when the district court rejected a petitioner's claims on procedural grounds without reaching the prisoner's underlying constitutional

1

claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484 (emphasis supplied). Pursuant to the guiding principle laid out in A*shwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring), the Court encouraged district courts to resolve procedural issues first, if their resolution would avoid the need to pass upon the constitutional questions. Slack, 529 U.S. at 485.

Ms. Maletta seeks a COA as to four issues: (1) her claim of not being given full Miranda warnings prior to her taped confession and lack of voluntariness of her confession due to her ingestion of Elavil, an antidepressant drug; (2) ineffective assistance of counsel; (3) the sentencing disparity between her and her co-defendant; and (4) a reduction of her sentence in light of the Supreme Court's opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Miranda Warnings and Voluntariness

The first issue under which Ms. Maletta seeks a COA is best viewed as two distinct issues: the existence of Miranda warnings as a factual issue and the voluntariness of Ms. Maletta's confession. In our order of October 30, 2001, we rejected Ms. Maletta's M*iranda* argument because she failed to rebut, by clear and convincing evidence, the presumption of correctness that attaches to a state court finding of fact. See 28 U.S.C. § 2254(e)(1). Having therefore reached the underlying issue in our order, Ms. Maletta's COA request is to be evaluated under the first Slack method of evaluation. Accordingly, we must determine whether Ms. Maletta has demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." S*lack*, 529 U.S. at 484. Ms. Maletta has not even attempted to make such a showing in her request for a COA; she instead relies upon bare factual assertion, ignoring the requirement of 28 U.S.C. § 2254(e)(1). We therefore deny her COA as to the Miranda issue.

We likewise deny her COA as to the issue of voluntariness. In our Order of October 30, 2001, we held that Ms. Maletta had procedurally defaulted on her argument that ingestion of Elavil

2

around the time of her confession rendered her confession involuntary. In the one month that has passed since our original order, the procedural default of this issue has not changed. Nor has Ms. Maletta provided any argument in her motion that we were incorrect in our ruling or any argument that would otherwise put our ruling in doubt. Instead, Ms. Maletta simply states, in a merely conclusory fashion, that the Elavil impeded her understanding and comprehension of her *Miranda* warnings. As we do not believe "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," Id., we deny Ms. Maletta's COA as to the issue of voluntariness.

Ineffective Assistance of Counsel

Ms. Maletta has likewise failed to argue "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," id., in her request for a COA on the issue of ineffective assistance of counsel. As we stated in our October 30, 2001 order, Ms. Maletta failed to raise this claim in either her direct appeal or her appeal of her post-conviction petition. As such, the claim is procedurally defaulted. Ms. Maletta has offered no argument whatsoever to rebut our ruling or cast it into doubt. Our ruling on the ineffective assistance of counsel claim is, we believe, not debatable among jurists of reason. According, her request for a COA in this issue is denied.

Sentencing Disparity

Ms. Maletta next requests a COA on the issue of putative sentencing disparity between her and her codefendant. Ms. Maletta's habeas petition makes clear the injustice she perceives at the spectacle of her husband's murderer being sentenced to 20 years in prison while she, the 'mere' instigator of the murder, has been sentenced to 75 years. In her present motion, Ms. Maletta cites a string a Illinois state court cases that support her contention that Illinois state courts sometimes look unfavorably at disparate sentences. However, as stated in our October 30, 2001 order, a federal court will not normally review a state sentencing determination, nor have we reason to

believe that that basis for our ruling is any more in doubt now than it was when we issued the order. According, her request for a COA in this issue is denied.

Apprendi

Finally, Ms. Maletta requests a COA on the issue that her due process rights were violated in light of the Supreme Court's opinion in Apprendi. There is substantial doubt as to whether the holding in Apprendi is retroactive on collateral review. Nonetheless, our Order of November 16, 2001 denying Ms. Maletta's Apprendi claim was not founded upon *Apprendi*'s retroactivity. Rather, our order was founded upon procedural default in that Ms. Maletta did not bring an Apprendi-type argument at any earlier stage of her proceedings. Moreover, she failed to demonstrate the requisite cause and prejudice for failing to bring the argument sooner. We have no reason to believe, and Ms. Maletta has provided no argument, that reasonable jurists would find our procedural ruling on this matter to be debatable. Accordingly, Ms. Maletta's request for a COA in this issue is denied.

In Forma Pauperis

Ms. Maletta has requested permission to proceed in forma pauperis on her appeal of our denial of her habeas corpus petition. She has also moved for appointment of counsel. We deny her motion for appointment of counsel but decline to rule on her motion to proceed in forma pauperis until such time as she files the required information as described below.

As a threshold matter, an appeal may not be taken *in forma pauperis* if the court determines that the appeal is not in good faith. 28 U.S.C. § 1915(a)(3). As described above, we have determined that her appeal would be without merit. However, the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith. To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). We believe that Ms. Maletta could meet this reduced burden and that her appeal would be in good faith. As such, it is necessary to examine her

4

request to proceed in *forma pauperis* under the requirements outlined in 28 U.S.C. § 1915 and F.R.A.P. 24.

Unfortunately, Ms. Maletta has failed to file the appropriate information with which we could evaluate her request. Federal Rule of Appellate Procedure 24(a)(1) outlines the information that Ms. Maletta must file by affidavit to support her request, including a statement of issues that she intends to present on appeal and further detail of her financial situation. In particular, F.R.A.P. 24(a)(1)(A) requires her to submit financial information of the sort required by Form 4 of the Appendix of Forms for the Federal Rules of Appellate Procedure. This information specifically includes an official statement of her institutional account(s) showing all receipts, expenditures, and balances during the last six months. Ms. Maletta's "Application to Sue/Defend As A Poor Person" does not meet these standards. If she wishes to pursue her application to proceed on appeal *in forma pauperis*, she is directed to refile a proper application within 30 days of this order. Otherwise, Ms. Maletta is directed to pay the full $105 filing fee within 30 days. Payment should be made to the District Court Clerk.

Ms. Maletta's motion for appointment of counsel is denied. Appointment of counsel in habeas corpus cases "is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). *See also* 18 U.S.C. § 3006A(a)(2)(B). ("Whenever ... the court determines that the interests of justice so require, representation may be provided for any financially eligible person who ... is seeking relief under section 2241, 2254, or 2255 of title 28."). An exception to the court's discretion exists when an evidentiary hearing is required. In that circumstance, the court must appoint counsel. See Rule 8(c), Rules Governing Section 2254 Cases. This exception does not apply here, however, because Ms. Maletta's habeas petition does not appear to require such a hearing.

The issues presented in Ms. Maletta's habeas petition do not appear to require particularly complex or detailed legal research. Moreover, the pleadings filed by Ms. Maletta thus far have

5

been competently written and argued to an extent that suggests she is capable of presenting her own case. Where, as here, a plaintiff is proceeding *pro se*, we have a special responsibility to construe her pleadings liberally. *See Donald v. Cook County Sherriff's Dept.*, 95 F.3d 548, 555 (7th Cir. 1996). Indeed, it is the "well-established duty of the trial court to ensure that the claims of a pro se litigant are given a fair and meaningful consideration." *Palmer v. City of Decatur*, 814 F.2d 426, 428-29 (7th Cir. 1987) (citations omitted). We have been and will continue to evaluate Ms. Maletta's pleadings with this duty in mind.

In conclusion, we deny Ms. Maletta's motion for appointment of counsel. However, we decline to rule on Ms. Maletta's request to proceed on appeal in *forma pauperis* until she files with this court the information required by F.R.A.P. 24(a)(1). Such information is to be filed within 30 days of this order.

## CONCLUSION

Because Ms. Maletta has made no substantial showing of a denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2), we deny her request for a certificate of appealability. Ms. Maletta may now request a certificate of appealability from the Court of Appeals pursuant to F.R.A.P. 22(b). For the reasons stated above, we deny her motion for appointment of counsel and decline to rule on her request to proceed in forma pauperis. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 1/2/02

6